# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REBECCA SILIVEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1846 CDP |
| ) | |
| CYNDI PRUDDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Rebecca Siliven seeks a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. Siliven was sentenced to life imprisonment as a result of her conviction for first degree child abuse resulting in the death of a child. Siliven's conviction and sentence were affirmed by the Missouri Court of Appeals. *State v. Siliven*, 243 S.W.3d 489 (Mo. Ct. App. 2007). She sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, but her motion was denied without a hearing. That denial was also affirmed. *Siliven v. State*, 288 S.W.3d 830 (Mo. Ct. App. 2009).

Siliven now seeks federal habeas corpus relief, asserting the following grounds:

(1) Trial counsel was ineffective for failing to use the videotapes of Siliven's confession to impeach the police officers' testimony about her demeanor during the confession.

(2) Trial counsel was ineffective for failing to present deposition testimony from Siliven's neighbor.

(3) The trial court erred in failing to grant Siliven's motion to suppress the confession.

(4) Trial counsel was ineffective for failing to object to testimony from the medical pathologist characterizing the manner of the victim's death as a homicide.

Siliven's first three claims fail on the merits, and her last ground is procedurally barred. I will therefore deny the petition, for the reasons that follow.

## Facts

Siliven's conviction arose from the death of Emmalee Westhoff, the eight-month old daughter of Siliven's roommate, Tamra Westhoff. On the morning of June 22, 2005, Westhoff took the baby to the hospital, and the baby died shortly thereafter. The evidence showed that the day before Siliven, Westhoff, and the baby had returned home to Farmington, Missouri, after a road trip to St. Louis. The Missouri Court of Appeals described the evidence:

> Appellant told police the infant cried continuously during the trip. When they returned home, the infant was changed, fed, and put to bed, but continued to cry. Appellant's written confession states, "When she didn't stop crying I turned around and kicked her in the head. I was aiming for her butt and over-kicked with the heel of my work boots. I gave her the bottle back and walked out of the room. In no way did I intend to harm this child." The infant died as a result of cranial cerebral injuries due to blunt trauma. The pathologist testified the injuries that caused the infant's death were not inflicted

> accidentally, but were intentional. The pathologist stated Appellant kicked the infant with force similar to an NFL football player kicking a field goal. Appellant confessed to kicking the eight month old infant in the head because she would not stop crying.

Ex. F., Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b), No. ED89212 (Mo. Ct. App. December 18, 2007) (unreported).

On June 23, the police learned from the autopsy report that the baby had died from force. Plainclothes police officers went to the apartment and asked both Siliven and Westhoff to come to the police station for questioning. The women drove to the station in Siliven's car. Siliven initially denied responsibility for the infant's death. Her interrogators told her she could leave whenever she wished. They offered drinks and bathroom breaks. Once, she went outside for approximately twenty minutes by herself; she sat in the parking lot with her belongings, was again informed that she could leave, and she returned to the station voluntarily. After approximately six hours of questioning by four different detectives, Siliven provided both a written and an oral confession.

## Discussion

When a federal court reviews a claim adjudicated on the merits in a state court, that court may not grant a writ of habeas corpus unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d) (2006). "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision "involved an unreasonable application of . . . clearly established Federal law" if the state court applied the Supreme Court's "precedents to the facts in an objectively unreasonable manner." *Id*. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Moreover, when reviewing a state court conviction in a habeas proceeding, the AEDPA requires a federal court to presume that a state court's factual determinations are correct. 28 U.S.C. §

2254(e)(1). The movant must rebut this "presumption of correctness by clear and convincing evidence." *Id*.

## **Grounds 1 and 2: Ineffective Assistance of Counsel**

Grounds one and two of Siliven's habeas petition contend that her trial counsel provided ineffective assistance in violation of the Sixth Amendment by (1) failing to show her videotaped confession to the jury in order to rebut the testimony from two officers characterizing her demeanor as angry; and (2) failing to present the deposition testimony of Siliven's neighbor that she had heard the baby cry on the morning the baby died.

To obtain habeas relief on the basis of ineffective assistance of counsel, a petitioner must establish "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's assistance was constitutionally deficient if, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. The petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Moreover, in determining whether counsel's conduct was objectively reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To

establish the requisite degree of prejudice, a petitioner must demonstrate that there is a "reasonable probability" that the decision reached would likely have been different absent counsel's error. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.; *Griffin v. Delo*, 33 F.3d 895, 900 (8th Cir. 1994).

When reviewing a state court conviction, a federal court should be "doubly deferential" to a state court determination that counsel's performance satisfied the requirements of the Sixth Amendment. *Knowles v. Mirzayance*, 129 S. Ct 1411, 1420 (2009); *Hunt v. Houston*, 563 F.3d 695, 706 (8th Cir. 2009). Under section 2254(d)(1), a federal habeas court must find that the state court's determination to be more than incorrect; it must be unreasonable. *Id*.

The Missouri Court of Appeals rejected the first claim of ineffectiveness, which was that defense counsel should have played the videotaped confession to impeach the police officers' testimony about Siliven's demeanor. The court stated that it was applying the *Strickland* standard and noted that issues of trial strategy were virtually unchallengable as ineffective. Siliven was not arguing that the police officers had mischaracterized her statements, merely that the video would have shown that she was calm, rather than angry, as they described. The court first found that, under *Strickland*, failing to impeach a witness was not ineffective

assistance unless the impeachment would have provided a viable defense or changed the outcome. See Exh. J, Memorandum supplementing Order Affirming Judgment Under Rule 84.16(b), No. ED91785 (Mo. Ct. App. July 28, 2009), at p. 6. The court then looked to the significant evidence against Siliven, and found that the impeachment would not have changed the outcome and that Siliven could not show prejudice even if counsel's performance had fallen below the reasonableness standard:

> . . . Siliven maintains that impeaching the officers' testimony would have changed the outcome of trial because the jury would have been given the opportunity to determine whether her confession was a "true" confession. However, given the overwhelming evidence of Siliven's guilt, including: (1) her statement to a co-worker prior to the crime that Child's crying was making her angry; (2) the medical examiner's testimony as to the time of Child's death and Siliven's access to Child at that time; (3) initial false statements to the Police about Child's injuries that were contrary to medical evidence, and (4) her eventual confession, we cannot find that showing the jury Siliven's videotaped confession would have changed the outcome of trial. Therefore, even if Counsel had been ineffective in this regard, Siliven has failed to demonstrate a reasonable probability that the result of the trial would have been different.

Ex. J at 6-7.

The Missouri Court of Appeals correctly stated the federal standard applicable to a claim of ineffective assistance of counsel, and its application of this standard to the facts of Siliven's case was not unreasonable. Even if the police

officers' characterization exaggerated Siliven's anger, showing her confession to the jury might have harmed her case more than impeachment of the police officers would have helped. The video could well have injured Siliven's case by reemphasizing her confession and by showing that during part of the time she was calm in light of the tragic death of the child. Additionally, the record supports the state court's description of the "overwhelming evidence" against Siliven. In light of this evidence, the state court reasonably concluded that there was no prejudice because the testimony at trial overcame any potential deficiencies in the trial performance of Siliven's counsel. *See Morales v. Ault*, 476 F.3d 545, 553 (8th Cir. 2007) (state court conclusion that overwhelming evidence of guilt overcame counsel's deficiencies was not an unreasonable application of federal law); *Odem v. Hopkins*, 382 F.3d 846, 851-52 (8th Cir. 2004) (overwhelming evidence of guilt leads to conclusion that *Strickland*'s prejudice requirement not fulfilled).

Keeping in mind the Supreme Court's recent admonition that "doubly deferential" review applies to collateral ineffective assistance claims before the federal courts under section 2254, I must deny petitioner's first ground because it is neither "contrary to," nor "an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1); *Mirzayance*, 129 S. Ct. at 1420.

Siliven's second claim of ineffectiveness is that her counsel should have

introduced into evidence the deposition testimony of a neighbor, a Mrs. Werner. The neighbor had stated in a pre-trial deposition that she heard a loud cry between 8:00 and 9:00 a.m. on the day the child died. Siliven contends that, had counsel presented this testimony, the jury would have discovered that it was likely the injury occurred in the morning when both Siliven and Westhoff were present, which was contrary to Siliven's confession. When defense counsel mentioned the neighbor's testimony during her opening statement, the prosecutor objected on hearsay grounds and the court sustained the objection. The trial court ruled that the deposition testimony was not admissible under Missouri evidentiary rules.

Both the post-trial motion court and the Court of Appeals rejected Siliven's claim that counsel was ineffective. The Court of Appeals stated:

> We find that a claim of ineffective assistance based on counsel's failure to present deposition testimony of a witness who is unavailable is equivalent to a claim of ineffective assistance based on counsel's failure to call a witnss because both claims address the failure to present witness testimony. For Siliven to demonstrate ineffectiveness in the failure to call a witness, she must prove that the testimony would have provided a viable defense. *Kates v. State*, 79 S.W.3d 922, 927 (Mo. Ct. App. 2002). Testimony of a witness which negates an element of the crime for which the movant was convicted provides a viable defense. *McClendon v. State*, 247 S.W.3d 549, 556 (Mo. Ct. App. 2007). In addition, testimony of a witness that he or she was with the movant at the time the movant committed the crime can provide a viable defense. *See State v. Vinson*, 833 S.W.2d 399, 409 (Mo. Ct. App. 1992). The witness's testimony must unqualifiedly support the movant or the failure to call the witness will not constitute

ineffective assistance of counsel. *Phillips v. State*, 214 S.W.3d 361, 366 (Mo. Ct. App. 2007).

Here, Werner's testimony would not have provided a viable defense. Werner's statement that she heard a loud cry between 8:00 and 9:00 a.m. would not negate an element of the crime because Siliven was at her apartment and had the opportunity to kick Child at that time. Also, Werner was not present in the apartment at the time she heard the scream and did not see the source or cause of the scream. Thus, Werner's statement did not provide an alibi for Siliven and did not unqualifiedly support Siliven's defense. Siliven argues that Werner's statement would have placed the time of the injury in the morning when both Siliven and Westhoff were present. However, there is no indication in the record that Siliven was alone in the apartment the evening before, the time Siliven had confessed to kicking Child. Significantly, in the State's closing argument, the prosecutor specifically mentioned that Siliven *and* Westhoff had the opportunity to commit the crime. Moreover, evidence was already presented through the medical examiner's testimony indicating that Child's injury could have occurred anytime between minutes and fourteen hours before Child died. Werner's statement therefore would not have provided any additional information that would tend to exonerate Siliven by making it more likely that Westhoff committed the crime. *See State v. Ferguson*, 20 S.W.3d 485, 506-07 (Mo. 2000) (en banc) (finding that movant failed to show that calling witnesses would have provided a viable defense because none of the evidence would have shown that movant was not involved in the crimes).

Because Werner's statement would not have provided a viable defense, Siliven failed to allege facts, not refuted by the record, which show she was prejudiced by Counsel's failure to present Werner's deposition testimony. *Goodwin v. State*, 191 S.W.3d 20, 35 (Mo. 2006) (en banc) (finding that no prejudice existed when testimony would not have provided the movant with a viable defense). Because Siliven has failed to establish that she was prejudiced by Counsel's performance, we need not determine whether Counsel's performance conformed to the degree of skill, care and diligence of a reasonably

> competent attorney. *Dorsey v. State*, 113 S.W.3d 311, 314 (Mo. Ct. App. 2003) (stating that if the movant fails to satisfy one of the two prongs of the *Strickland* test, we are not compelled to address the other prong and the claim of ineffective assistance must fail).

Ex. J at 3-6 (footnote omitted).

The Missouri Court of Appeals correctly stated and applied the appropriate federal standard to this claim of ineffective assistance of counsel when it rejected this claim. The court reasonably held that the neighbor's testimony would not have altered the trial's outcome, as her testimony would not have made it more likely that someone else harmed the child or that the child's injuries occurred a day later than revealed by Siliven's confession. Again applying the doubly deferential standard of review, I must deny the second ground for relief because there is no showing that the state court make an unreasonable determination of the fact or an unreasonable application of the law.

**Ground 3 – Motion to Suppress Confession**

Siliven seeks habeas relief on the claim that her confession resulted from police coercion and therefore should have been suppressed by the trial court. Siliven's petition states that the police told her "word for word what to write . . . while they paced over me with their guns." She also alleges that they "threatened me with my son." The Missouri Court of Appeals pointed out that Siliven

complained on appeal of several things that had not been raised during the suppression hearing, and then found Siliven's claim to be meritless:

> Upon reviewing the testimony offered at the motion to suppress hearing and at trial, we find Appellant came to the police station in her own vehicle voluntarily. Appellant was not placed under arrest or handcuffed when she arrived for questioning. She did not ask for an attorney and never refused to answer any questions or attempt to stop the interrogation. Several detectives told Appellant she was free to leave at any time when she inquired as to how long questioning would continue. Despite being questioned for less than six hours, Appellant was offered drinks, breaks to use the restroom, and even went outside to warm up after telling the detectives she was cold. *See State v. Rousan*, 961 S.W.2d 831, 845 (Mo. 1998) (en banc) (finding six hour interrogation was not coercive and confession voluntary). Appellant was outside on the parking lot by herself for approximately twenty to thirty minutes where her vehicle was parked and had her belongings with her. When one of the detectives stepped outside to smoke, Appellant asked how much longer the questioning would last. He told her she was free to leave whenever she wished. Appellant chose to return to the police station for further questioning. Appellant was later Mirandized and waived her rights. Appellant does not challenge the waiver of those rights on appeal.
>
> Upon reviewing the testimony offered at the motion to suppress hearing and at trial, we cannot say Appellant's confession was coerced sufficiently to deprive her of the free choice to admit, deny, or refuse to answer the detectives' questions.

Ex. F at 3-5.

A conviction based on an involuntary confession, obtained through police coercion, violates the Due Process Clause. *See Colorado v. Connelly*, 479 U.S. 157, 163 (1986). The appropriate test for determining

the voluntariness of a confession is whether the confession was extracted by threats, violence, or direct or implied promises, such that the defendant's "'will [was] overborne and his capacity for self-determination critically impaired.'" *Sumpter v. Nix*, 863 F.2d 563, 565 (8th Cir. 1988) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The transcript of the suppression hearing indicates that two of the four detectives who interviewed Siliven may have stood and worn their weapons in the interrogation room. One of these two detectives was present in the room while she wrote her confession. The police officers, however, consistently denied any use of threats or coercion. Additionally, while there is some evidence that the officers discussed with Siliven the homicide charge she faced and how cooperation might result in a lesser sentence, several detectives testified that they did not threaten Siliven with a murder charge. With respect to Siliven's claims that the police told her what to write in her confession, the record reflects that the officer to whom Siliven confessed told her to include a statement clarifying that she "did not intend to kill that baby." However, the officer testified that he gave her this direction to help her, as he felt that this sentiment reflected Siliven's oral confession.

In the absence of clear and convincing evidence rebutting the state court's factual findings, AEDPA dictates that those facts retain their "presumption of correctness." 28 U.S.C. § 2254(e)(1). Additionally, the Missouri Court of Appeals identified the proper legal standard governing Siliven's involuntary confession claim. Siliven's third ground will be denied.

**Ground 4: Procedural Bar**

Ground four of Siliven's petition for habeas corpus claims that her counsel was ineffective for having failed to object to the medical examiner's testimony opining that the child's death was a homicide. Siliven initially raised this claim in her motion for post-conviction relief. However, she did not raise it when she appealed the denial of that motion. Siliven has not met the standard set forth by the Supreme Court that would allow her to overcome this procedural default and so the claim is procedurally barred from federal habeas review.

In order to preserve a claim for federal habeas review, a state prisoner must properly raise the claim in the state courts. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A claim is fairly presented to the state courts if the state court was alerted to the federal nature of the claim. *Baldwin v.*

*Reese*, 541 U.S. 27, 32 (2004). A failure to present a claim before the state court according to state procedural rules results in a procedural default of that claim. *Sweet*, 125 F.3d at 1151 (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)). In Missouri, default occurs if a claim is not raised on appeal. *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996) (finding ineffective assistance of counsel claim abandoned when not advanced on appeal from denial of post-conviction motion); *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Therefore, a petitioner's "[f]ailure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Reese*, 94 F.3d at 1181; *see also Jolly*, 28 F.3d at 53.

A claim can escape the procedural bar if the petitioner can show cause and prejudice or a fundamental miscarriage of justice. "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) *(quoting Murray v. Carrier*, 477 U.S. 478, 487 (1986)). Examples of an external "objective factor" include a "showing that the factual or legal basis for a claim was not

reasonably available to counsel" or that interference by officials "made compliance impracticable." *Murray*, 477 U.S. at 488.

Even without a claim of cause and actual prejudice, a federal court may grant a writ of habeas corpus if necessary to prevent a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006); *see also Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) (finding no miscarriage of justice when petitioner did not assert claim of actual innocence).

Siliven failed to properly preserve this claim in the state court. She has not shown cause and prejudice or a fundamental miscarriage of justice that would excuse her procedural default. Her fourth claim is therefore procedurally barred and I will not consider it on the merits.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a

substantial showing of the denial of a federal constitutional right. *Id*. at § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Siliven's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [#1] filed by Rebecca Siliven is DENIED.

A separate Judgment in accord with this memorandum and order is entered this same date.

*[signature]*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of December, 2010.